This appeal is taken from an order made by the judge of the superior court of the county of Imperial, this state, sitting in probate, charging appellant, who is the administrator with the will annexed of the estate of Rene Grivel, deceased, with the following property not accounted for or reported by him as said administrator: 1,600 head of cattle of the value of approximately $65,000; an undivided one-half interest in a harvested crop of cotton, the gross receipts from which were found by the court to be approximately $60,000; an "interest in a bank account in Los Angeles *Page 353 
under a fictitious name," amounting to approximately $14,000; $3,000 received by appellant upon accounts due decedent from "persons in Mexico"; also farm machinery, trucks and mining machinery located in Mexico and unaccounted for by appellant. The last finding reads: "The court further finds that there may beother assets not inventoried or accounted for by said administrator," and that a greater part of the property therein mentioned was sold and disposed of in the county of Imperial by said administrator. (Italics supplied.) The concluding paragraph of the order follows:
"It is therefore ordered that Charles T. Wardlaw, administrator of said estate, be and he is hereby charged in his account with all of the above mentioned personal property as came into his hands, as administrator of the estate of Rene Grivel, wherever situated, and which was the property of the decedent at the time of his death. It is further ordered, adjudged and decreed that said administrator, Charles T. Wardlaw, make and file with the clerk of this Court forthwith a full, accurate, true and complete inventory and accounting under oath of all of the assets of the estate of Rene Grivel, deceased, and that a copy of this order be served upon said administrator."
The situs of the greater portion of the estate was the republic of Mexico, and it is claimed by appellant that said property was subject to the control of the ancillary administratrix, who, it is further claimed, had qualified as such in a Mexican court and had assumed to administer upon all of the property of the estate found to be within Mexican territory at the time of decedent's death. The first important question submitted for our consideration, waiving for the present the question of situs, is whether the evidence adduced at the hearing was legally sufficient to support the court's finding to the effect that all or a considerable portion of the property and moneys above mentioned had come into the hands of the administrator as property of the estate and that he was chargeable therewith.
Appellant was the only witness examined at the hearing had upon the application of one of the persons interested in said estate to compel said appellant to render a full, correct and complete report and account of all moneys and property collected by him or which came into his hands as administrator. *Page 354 
The court accepted as the basis for its order holding the administrator responsible for said property and as evidence fixing the value thereof, the averments of an affidavit which was filed by the applicant and her attorney in support of the petition for an order citing and requiring said administrator to appear and render a full account and report of his administration.
If an affidavit such as was attempted to be used in this proceeding cannot be regarded as possessing sufficient evidentiary value to support the findings, and we are of the opinion that it cannot be so regarded, no evidence is left in the record to support the finding that the decedent owned an interest in a bank account standing in a fictitious name in the sum of $14,000, or any other sum, or to support the finding that decedent owned an undivided interest in a harvested cotton crop of the approximate gross value of $60,000, or that the value of said herd of cattle that was ranging upon Mexican soil and which was sold in Mexico was of a value greater than $61,000. It is also obvious that a portion of the order is too vague and indefinite to constitute the basis of a charge against the administrator on account of property or moneys received by him and not reported.
The proceeding was initiated by Thirza Bass, a former wife of the testator, Rene Grivel, who was given a bequest of $5,000. The five children of herself and said testator, issue of their former marriage, and the surviving widow, Emily Hunt Grivel, were given the residuum of the estate. The wife was nominated as the executrix, but waived her right to administer, and appellant, C.T. Wardlaw, became administrator with the will annexed. It is vigorously asserted by appellant in his brief, and equally as vigorously denied by respondent, that said Emily Hunt Grivel was duly appointed by a court of competent jurisdiction of the republic of Mexico ancillary administratrix of that portion of the deceased's estate which had its situs in the republic of Mexico, and that said Emily Hunt Grivel, by virtue of the authority vested in her as such administratrix by the laws of the republic of Mexico, appointed C.T. Wardlaw to act as her agent or attorney in fact in the settlement and administration of said estate having its situs in said republic of Mexico. No documentary or other competent evidence *Page 355 
whatever tending to establish the claim that ancillary proceedings were pending in Mexico was offered at the hearing and we are not permitted to presume that any such proceedings were pending or that said Emily Hunt Grivel was authorized by any court of competent jurisdiction to confer upon another the power to act as her attorney in fact in the administration of said estate. Appellant admits that he did sell about 1,600 head of cattle, collected debts owing decedent from persons residing or doing business in Mexico and transacted other business in said foreign territory, but claims that in so doing he acted solely as attorney in fact for said administratrix, and not in his official capacity as administrator of said estate. He further admits that moneys derived from the sales of property made in Mexico and which passed into his hands were deposited by his direction in a bank situate in Calexico, county of Imperial, where the business of the estate was transacted by him. It is the insistent claim of appellant that he was acting in two separate and distinct capacities in handling the funds and property of an estate of which he was the domiciliary administrator, to wit, as agent or attorney in fact of the ancillary administratrix of all property which had its situs in Mexico at the time of decedent's death, and as administrator only of such property as had its situs in the state of California at the time of decedent's death, and to no further extent. We question the soundness of this contention. Appellant was the administrator of the entire estate and of all the funds and property which came into his hands which were admittedly property and moneys belonging to the estate, and it was clearly his duty as such officer to report and account to the court which had appointed him for all moneys and property belonging to the estate which he received into his possession, and it does not matter what the source may have been. We think as a general proposition that the court has inherent power to compel a report of the property which has passed into the hands of the domiciliary administrator even though he claims to have remitted it to the ancillary administrator. [3]
Undoubtedly the court would not be justified in charging him with such property in cases where he has accounted for it in the proper forum, but it may require him to account for it. In reOrtiz, 86 Cal. 306, [21 Am. St. Rep. 44, 24 P. 1034], and a number of textbook *Page 356 
writers sustain our conclusion in this respect. To hold that an administrator may collect and hold the funds and property of the estate which he is commissioned to administer in any capacity other than as administrator would be to weaken the salutary safeguards which have been wisely established for the protection of persons whose property is held in trust. We have adverted to this important question with some reluctance, for the reason that the issue is not squarely presented by the record. As stated in the outset no competent evidence was adduced at the hearing below to show that Emily Hunt Grivel was appointed ancillary administratrix, or that ancillary proceedings were at any time initiated in Mexico, or that appellant was the duly authorized agent or attorney in fact of said administratrix, if such a power may by the laws of Mexico be delegated to another. Therefore the record in its present form would compel us to approve that portion of the order requiring the administrator to account for funds having their situs in Mexico. We think, however, that appellant should be permitted to show by competent evidence, upon a rehearing of the entire matter, all that he claims by way of defense, whether the issues be questions of fact or law.
There does not appear to be anything in the nature of the situation that would render it at all difficult to establish by satisfactory proofs the extent, character or value of the property of the estate. If any moneys belonging to the estate have been concealed or deposited by the administrator or by any other persons connected with the estate in the name of a fictitious person it would not be difficult under the remedial provisions of the statute to discover the same. The difficulty that we have had with this proceeding arises from a lack of thoroughness of investigation into the affairs of the estate and also a lack of legal evidence establishing with some degree of definiteness the facts brought in issue. A suspicion merely as to the existence of fraud will not justify a court in resorting to summary action, but foundation for its existence must be established by competent and sufficient evidence.
The partnership relation existing between the decedent and a third party should be expeditiously closed, and if the surviving partner has unnecessarily delayed the winding *Page 357 
up of the partnership affairs it is the duty of the administrator to bring the matter to the attention of the court.
The evidence being insufficient, as it is brought to us, to support the findings of the court as to the estate's ownership of much of the property involved in this proceeding, and there existing much uncertainty as to the amount of funds and property with which the appellant is charged by the court, the order is reversed, with the right granted each party to place before the court such legal evidence as is obtainable, both in the prosecution and defense of the issue joined.
The matter is therefore remanded to the court below to proceed in the manner herein directed.
Richards, J., Curtis, J., Waste, C.J., and Shenk, J., concurred.