[Civ. No. 8460. Second Appellate District, Division One.—December 14, 1932.]

In the Matter of the Estate of RENE GRIVEL, Deceased. LEON R. GRIVEL, Administrator, etc., Appellant, v. JOHN R. WARDLAW, Administrator, etc., Respondent.

Edgar T. Fee and Franklin J. Cole for Appellant.

Sherman Anderson, Guy Richards Crump and Philbrick McCoy for Respondent.

YORK, J.—The present appeal is from the "decision and order rendered in the above entitled estate on the 2nd day of September, 1930, and filed in the office of the Clerk of the Superior Court of the County of Imperial on the 2nd day of September, 1930, and from the whole thereof wherein said decision and order settles and approves the account of John R. Wardlaw, as the administrator of the estate of Charlie T. Wardlaw, deceased". It is called to our attention that the account so settled was in fact an account filed as a "supplemental and amended account", after the death of C. T. Wardlaw, by respondent John R. Wardlaw as his personal representative. This account was settled and approved with the exception of one item.

Because of the divergent statements made by counsel in their briefs and at the time of the oral argument before this court, we will quote in full the order of the court from which this appeal is made:

"In the matter of the filing of the Supplementary and Amended Account of John R. Wardlaw, Administrator of the Estate of Charles T. Wardlaw, deceased, and the objections filed thereto by Leon R. Grivel, present Administrator of the Estate of Rene Grivel, deceased:

"It is the opinion of the Court that the said Supplementary and Amended Account and Report of John R. Wardlaw, Administrator of the Estate of Charles T. Wardlaw, deceased, should be settled and approved and the same is hereby ordered settled and approved in its entirety, with the exception of that portion of the account which relates to 271 bales of cotton, which it is the opinion of the court were received by Charles T. Wardlaw during his lifetime and during the time that he was acting as Administrator with the Will Annexed of the Estate of Rene Grivel, deceased. It is the opinion of the court that the accounting with respect to this item of property is not sufficient, and that further evidence should be adduced with respect to it, particularly as to the amount received from the sale of cotton, and what, if any, disbursements were made by said Charles T. Wardlaw from such amount."

About thirteen years ago Rene Grivel died testate in Imperial County, California, leaving at the time of his death a widow, to whom he had been recently married, and five minor children by a former marriage. His widow was named executrix of his estate. She immediately relinquished her right to appointment and nominated C. T. Wardlaw, now deceased, as administrator with the will annexed, and his appointment immediately followed. During his lifetime Rene Grivel, the deceased, had been engaged in business both in Imperial County and in the Republic of Mexico, and C. T. Wardlaw took charge of such business both in Imperial County and in the Republic of Mexico. Although the widow was appointed and recognized as the administratrix by the court of first instance in Mexicali, Mexico, the apparent authority of C. T. Wardlaw in Mexico was an appointment by her, as administratrix, of said C. T. Wardlaw and Dayton L. Ault, as her attorneys-in-fact in Mexico. She appointed them to represent her jointly or separately as administratrix and as heiress of the estate of Rene Grivel. At the time of the administration of the estate in Mexico, one J. M. Hernandez and one B. E. Zuazua were appointed ''tutors'' for the minor children of the decedent by a former wife. A ''tutor'' under the laws of Mexico is the representative of the minor heirs appointed by the court. It was their duty ''to approve on behalf of minors expenditures made from estate funds''. In 1921 or 1922, the courthouse in Mexicali burned, and the court records were destroyed and as result very little documentary evidence appears in the bill of exceptions, upon which this appeal is made, as to the administration of the estate in Mexico. C. T. Wardlaw entered upon the performance of his duties in the state of California and in Mexico and performed those duties until his death ten years later, when the respondent herein, John R. Wardlaw, was appointed the administrator of the estate of Charles T. Wardlaw, and as such filed an account in the above-entitled estate for the said deceased C. T. Wardlaw, as the representative of said C. T. Wardlaw, deceased, in California.

Twice matters connected with this estate have been before the Supreme Court of this state: *Estate of Grivel*, 199 Cal. 351 [249 Pac. 184], and *Estate of Grivel*, 208 Cal. 77 [280

Pac. 122]. In *Estate of Grivel,* 199 Cal. 351 [249 Pac. 184, 185], there was an appeal from a former order of settlement of account of the administrator of Charles T. Wardlaw. At that time it was the insistent claim of appellant administrator that he was acting in two separate and distinct capacities in handling the funds and property of an estate of which he was the domiciliary administrator, to wit, as agent or attorney-in-fact of the ancillary administratrix of all property which had its situs in Mexico at the time of decedent's death, and as administrator only of such property as had its situs in the state of California at the time of decedent's death and to no further extent. Referring to that claim the Supreme Court said: ''We question the soundness of this contention. Appellant was the administrator of the entire estate and of all the funds and property which came into his hands which were admittedly property and moneys belonging to the estate, and it was clearly his duty as such officer to report and account to the court which had appointed him for all moneys and property belonging to the estate which he received into his possession, and it does not matter what the source may have been. We think as a general proposition that the court has inherent power to compel a report of the property which has passed into the hands of the domiciliary administrator even though he claims to have remitted it to the ancillary administrator. Undoubtedly the court would not be justified in charging him with such property in cases where he had accounted for it in the proper forum, but it may require him to account for it. *In re Ortiz' Estate,* 86 Cal. 306 [24 Pac. 1034, 21 Am. St. Rep. 44], and a number of text-book writers sustain our conclusion in this respect. To hold that an administrator may collect and hold the funds and property of an estate which he is commissioned to administer in any capacity other than as administrator would be to weaken the salutary safeguards which have been wisely established for the protection of persons whose property is held in trust.'' But the court further said that it had adverted to this important question with some reluctance, for the reason that the issue was not squarely presented by the record. At that time it appeared that no competent evidence had been adduced at the hearing below to show that Mrs. Grivel had

been appointed ancillary administratrix, or that ancillary proceedings were at any time initiated in Mexico, or that appellant was the duly authorized agent or attorney-in-fact of said administratrix, if such a power may by the laws of Mexico be delegated to another.

On the present appeal the same claim is insisted upon by appellant, and at this time the record does show that Mrs. Grivel was appointed an administratrix in Mexico, and that Charles T. Wardlaw was her attorney-in-fact.

■ The principal subjects of controversy emphasized in the argument for appellant relate to a large sum of money which the contestant claims that the administrator Charles T. Wardlaw received as proceeds of the sale of cattle in Mexico; and to the failure of said administrator to collect and recover upon a $75,000 note which is claimed to have been partnership property of the decedent Grivel and one Barnes. The record contains evidence from which it may well be that the court would have been justified in finding that the administrator had properly accounted for said property or as much thereof as came into his possession, and that he was not chargeable with negligence for failing to recover any part of said property which he did not recover and take into his possession. The evidence in favor of contestant includes testimony given by the former administrator Charles T. Wardlaw on a former hearing of his account and of objections made thereto. From that evidence, including particularly his testimony, it seems to us that the court would be justified in making findings in his favor.

■ Some of the facts stated in the briefs do not appear in the bill of exceptions. If there was such evidence introduced, as stated in the briefs, or if the bill of exceptions is incomplete, we have to face the presumption that the material evidence is all there, as the bill was regularly settled and certified under a statement that ''the following proceedings were had''. (2 Cal. Jur. 545; *Ritter* v. *Ritter*, 103 Cal. App. 583, 589 [284 Pac. 950].) This makes a record sufficient to test the merits of any specifications shown in the record, of insufficiency of the evidence to sustain the findings of fact. At the most, the evidence set forth in the bill of exceptions shows a very peculiar way of handling

the accounts in Mexico, as well as in the United States, but nothing is shown on the face of the record before us to justify a reversal of the part of the order approving said account.

The order appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 9, 1933.