[Civ. No. 5044.   Third Appellate District.—October 1, 1926.]

## HAROLD STATON, Respondent, v. W. F. BUSTER, Appellant.

[1] HUSBAND AND WIFE—COMMUNITY REAL PROPERTY ACQUIRED PRIOR TO ADOPTION OF SECTION 172A, CIVIL CODE — CONVEYANCE BY HUSBAND—SIGNATURE OF WIFE.—Section 172a of the Civil Code, which provides that the wife must join in executing any instrument by which community property, or any interest therein, is leased for a longer period than one year, or is sold, conveyed, or encumbered, etc., has no application to a transfer by the husband of community real property acquired before that section was enacted in 1917, and a husband has the power to convey such real property without the signature of his wife...  .

[2] VENDOR AND VENDEE—MARKETABLE TITLE—DEFINITION.—A marketable title, to which the vendee in a contract for the sale of land is entitled, means a title which a reasonable purchaser,

---

1. See 5 Cal. Jur. 344, n. 12, and Supplement.
2. What constitutes marketable title, note, 132 **Am. St. Rep.** 992. See, also, 25 Cal. Jur. 626.

well informed as to the facts and their legal bearings, willing and anxious to perform his contract, would, in the exercise of that prudence which business men ordinarily bring to bear on such transactions, be willing and ought to accept.

[3] HUSBAND AND WIFE — DEED TO COMMUNITY REAL PROPERTY AC-QUIRED PRIOR TO ADOPTION OF SECTION 172A, CIVIL CODE—FAILURE OF WIFE TO JOIN IN CONVEYANCE—DAMAGES.—Where the husband tenders to the vendee of community real property, acquired prior to the enactment in 1917 of section 172a of the Civil Code, a good and sufficient deed duly executed by himself alone, which the vendee declines to accept, the vendee has no cause of action for damages by reason of the failure of the husband to secure the signature of his wife and then tender a deed executed by both himself and his wife.

---

(1) 31 C. J., p. 124, n. 71.   (2) 39 Cyc., p. 1456, n. 55.   (3) 39 Cyc., p. 2091, n. 39, 41.

APPEAL from a judgment of the Superior Court of Glenn County. Claude F. Purkitt, Judge. Reversed.

The facts are stated in the opinion of the court.

Ware & Ware for Appellant.

Duard F. Geis and Carroll F. Byrd for Respondent.

PLUMMER, J.—On or about the twenty-second day of August, 1925, the plaintiff was awarded judgment against the defendant in the sum of $750, from which judgment the defendant appeals.

The complaint upon which this action is based alleges, in substance, that the defendant agreed to convey to plaintiff a certain piece of real property situate in the town of Hamilton City, Glenn County, California, and was to receive in exchange therefor a certain Oakland touring car, $50 in cash, and a policy of insurance upon the car; that in pursuance of said agreement the plaintiff delivered to the defendant the car in question, $10 in cash and offered to pay the remainder of said cash, and to furnish the policy of insurance upon receiving a deed to the real property agreed to be conveyed by the defendant to the plaintiff. The complaint alleges further that the defendant failed to deliver to the plaintiff a deed sufficient to convey

a good title to said property; that thereafter the defendant abandoned the automobile which had been delivered to him by the plaintiff; that the plaintiff repossessed said car and sold the same at public auction; that the sum received for said car was $575; that the reasonable market value of the real property agreed to be conveyed was the sum of $1,500; that the failure of the defendant to convey to the plaintiff the real property before referred to caused the plaintiff damage in the sum of $885.

Three questions are tendered to us for solution upon this appeal: 1. That the defendant tendered to the plaintiff a good and sufficient deed of conveyance, and that the plaintiff refused to accept the same; 2. That there was no sufficient memorandum in writing signed by the defendant to convey to the plaintiff the real property mentioned in plaintiff's complaint; 3. That the court adopted the wrong measure of damages in computing the injury, if any, that had been caused the plaintiff by reason of any action of the defendant in the premises.

[1] As a decision upon the first ground for appeal assigned by the appellant is determinative of this case, all that we might say upon the second and third grounds of error assigned would necessarily be superfluous, we will confine ourselves to a discussion of the first alleged error on the part of the trial court, to wit: the finding that the defendant had not tendered to the plaintiff a good and sufficient deed of conveyance.

The record shows that the defendant was a married man; that his marriage took place in the year 1901; that the real property involved in this case was acquired by him in 1911; that the property was acquired as community property, and the court found as follows: "That the real property which the defendant agreed to convey, pursuant to contract and agreement above mentioned, was acquired by the defendant during coverture, and was community property of the defendant and his wife at all times in these findings mentioned." The record further shows that the defendant, after the execution of the agreement to convey to the plaintiff, did execute and tender to the plaintiff a grant, bargain, and sale deed, sufficient in form to convey a good title to said premises, executed by himself; that the plaintiff refused to accept the deed of conveyance to

the property involved, signed only by the defendant, and insisted upon the delivery to him of a deed of conveyance signed by both the defendant and his wife; that the wife of the defendant refused to sign or execute or join in the execution with her husband of a deed of conveyance of the premises to the plaintiff.

Upon this record showing that the defendant and his wife were married in 1901, that the real property involved was acquired by the defendant in 1911, the court found that the property was community property, and, also, that the deed theretofore executed by the defendant without the signature of his wife, and the execution thereof by her, was insufficient to convey a good and merchantable title.

The basis of the plaintiff's claim that the deed tendered to him by the defendant was insufficient rests upon the provisions of section 172a of the Civil Code, which specifies that a wife must join in executing any instrument by which community property, or any interest therein, is leased for a longer period than one year, or is sold, conveyed, or encumbered, etc.

The record shows, however, that the property in question was acquired by the defendant several years preceding the enactment of said section, which took place in 1917, and, therefore, whatever rights the defendant had in and to the premises in question and the power to convey the same were unaffected by the adding of section 172a to the Civil Code.

In *Roberts* v. *Wehmeyer,* 191 Cal. 601 [218 Pac. 22], the supreme court has held that section 172a of the Civil Code has no application to a transfer by a husband of community real property acquired before that section was enacted in 1917. In that case the facts show that the real estate involved was community property and was purchased with community funds arising from the sale of community property owned by the defendant prior to the year 1917. It was further held that the deed of the wife was unnecessary to a conveyance of said property and that the wife had no vested interest in such property which could be conveyed by her. In *Schubert* v. *Lowe,* 193 Cal. 291 [223 Pac. 550], where the question was that of leasing community property, the court held that section 172a of the Civil Code requiring a wife to join with her husband

in a lease of community property applies only to community property acquired subsequent to the adoption of that code section. To the same effect as the foregoing cases is the earlier case of *Spreckels* v. *Spreckels,* 116 Cal. 339 [58 Am. St. Rep. 170, 36 L. R. A. 497, 48 Pac. 228]. All of these cases are referred to and the principles involved herein enunciated and set forth at length in the recent case of *Stewart* v. *Stewart,* 199 Cal. 318 [249 Pac. 197], and anything we might here say would add nothing to what is there set forth. We may state that the decisions which we have cited are absolutely conclusive upon the principal question involved in this appeal, to wit: The power of the husband to convey community real property acquired prior to the enactment of section 172a of the Civil Code in 1917, without the signature of his wife. That such power is vested in him may now be said to be beyond dispute.

[2] It is further contended on the part of the respondent that the plaintiff was notwithstanding entitled to a deed signed by the wife as well as by the defendant, in order that his title might be considered good and marketable. As has been said in the cases referred to, the wife has nothing to convey under such circumstances, and her deed would therefore convey nothing, we cannot very well perceive how her signature can, in law, be considered necessary to render a conveyance to such community premises good and marketable. Much learning has been expended in giving definitions as to good and marketable titles. The following appears to be one supported by the weight of authority, to wit: "A marketable title, to which the vendee in a contract for the sale of land is entitled, means a title which a reasonable purchaser, well informed as to the facts and their legal bearings, willing and anxious to perform his contract, would, in the exercise of that prudence which business men ordinarily bring to bear on such transactions, be willing and ought to accept." (*Todd* v. *Union Dime Sav. Inst.,* 128 N. Y. 635 [28 N. E. 504]; *Cummings* v. *Dolan,* 52 Wash. 469 [132 Am. St. Rep. 986, 100 Pac. 989].) A great many definitions are given in the note appended to the case of *Cummings* v. *Dolan, supra,* as reported in the American State Reports, but they

do not differ in substance and general effect from the language which we have quoted.

[3] The record in this case showing that the defendant tendered to the plaintiff a good and sufficient deed of conveyance of the real property involved and that the plaintiff declined to accept the same, it necessarily follows that the plaintiff has no action for damages by reason of the failure of the defendant to secure the signature of his wife and then tender a deed executed by both himself and his wife. It also follows that whether the rulings of the trial court as to the other assignments of error were correct or incorrect is wholly immaterial.

The judgment of the trial court is reversed.

Pullen, J., *pro tem.*, and Finch, P. J., concurred.