[L. A. No. 4532. Department One.—September 23, 1918.]

## M. D. L. SCOTT et al., Appellants, v. F. A. JUNGQUIST, Respondent.

PARTNERSHIP—REAL ESTATE—STATUTE OF FRAUDS.—A partnership for the purpose of acquiring, subdividing, and selling land need not be in writing and may be shown by parol.

ID.—ACCOUNTING — EXISTENCE OF PARTNERSHIP — EVIDENCE — PROOF BY PAROL.—In an action for an accounting and division of partnership assets and profits based upon an alleged partnership relating to the subdivision and sale of real estate, errors of law committed in the earlier stages of the trial in excluding parol proof of the existence of the partnership are cured by the subsequent admission of such proof.

ID.—EXISTENCE OF PARTNERSHIP—FINDING—APPEAL.—Where in such an action the evidence is in substantial conflict as to the existence of the alleged partnership, the finding will not be disturbed on appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

Manning, Thompson & Hoover, for Appellants.

Jones & Weller, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in the defendant's favor in an action wherein the plaintiffs sought an accounting and division of partnership assets and profits based upon an alleged partnership between the parties, relating to the subdivision and sale of certain real estate. The complaint, in the first paragraph thereof, sets forth an agreement alleged to have been made on July 27, 1912, whereby the parties entered into a partnership for the purchase, subdivision, and sale of the north half of section 11, township 10 north, range 12 west, San Bernardino B. & M., sharing equally the expenses, profits, and losses thereof. The second paragraph avers that on October 29, 1912, the parties standing in the relation of copartners as created by their first agreement, further agreed that they would purchase, subdivide, and sell the south half of the foregoing section upon the same understanding as to the division of expenses, profits, and losses. The complaint then proceeds to allege that the plaintiffs have performed their part of each of said agreements, but the defendant while collecting a large sum of money from the sales of said properties has failed, refused, and neglected to make or render an accounting thereof or to allow said plaintiffs access to the books of the copartnership in order to ascertain the state of its accounts or to deliver to the plaintiffs their due proportion of the proceeds of the copartnership transactions. The complaint not being verified, the answer of the defendant was in the form of a general denial. Upon the trial and in support of the averments contained in the first paragraph of their complaint, the plaintiffs presented a written agreement which fully supported said averments relating to the formation of the partnership for the purpose of acquiring, subdividing, and disposing of the north half of the said section of land. As to the introduction of this written agreement the defendant offered no objection, but admitted in open court the making of the same and that the lands therein referred to had been subdivided and sold according to its terms. The plaintiffs then undertook to establish the averments of the second paragraph of their complaint relating to the subdivision and sale of the south half of the section by showing the existence of a later oral agreement covering that portion of the section. To the offered proof of this oral agreement the defendant objected, upon the ground that it was oral and

thus within the provisions of the statute of frauds. The trial court was at first disposed to sustain this objection and, in fact, did so for some time during the trial, but, finally, apparently became convinced that a partnership for the sale of real estate need not be in writing, but could be shown by parol, and thereafter permitted the plaintiffs to proffer such proof upon the subject as they desired, and their evidence upon the subject of the existence and terms of this alleged parol agreement was then admitted without further objection on the defendant's part. The defendant, however, as a witness in his own behalf, positively denied the existence of any such oral agreement relating to the south half of the section or any partnership understanding or to the sale thereof, and his testimony in that regard was supported by that of other witnesses. There was evidence *pro* and *con* as to an accounting and settlement having been made between the parties in so far as the sales within the north half of the section were concerned. The court, in deciding the case, found that the written agreement had been entered into between the parties affecting the north half of the section and also found that an accounting and settlement had been fully had between them as to the transactions arising out of said written agreement, but the court further found that no agreement had been made between the parties relating to the purchase, subdivision, or sale of the south half of the section and that the plaintiffs at no time had any interest therein or in the proceeds derived from the sale thereof. Judgment thereon went for the defendant. The plaintiffs moved for a new trial on various grounds, which motion was denied; wherefore they prosecute this appeal.

That the trial court in the earlier stages of the trial of the case committed various errors of law in at first excluding the offered evidence of the plaintiffs as to the existence of the oral agreement for the inclusion of the south half of the section of land in question within the terms of their partnership arrangement, there can be no doubt, in the light of the cases holding that such an agreement need not be in writing. (*Koyer* v. *Willmon,* 150 Cal. 785, [90 Pac. 135]; *Musick Consol. Oil. Co.* v. *Chandler,* 158 Cal. 7, [109 Pac. 613].) But it appears from the record that the trial court having had its attention called to these cases, became convinced of its error, and thereupon and thereafter during the trial per-

mitted the plaintiff to present such evidence as they desired upon the subject,.which evidence was admitted without further objection. The appellants do not here claim that they were thus prevented from producing whatever proof they had in support of the averments of this portion of their complaint, and this being so, whatever earlier errors the trial court committed were cured by its final admission of the whole of the plaintiffs' offered evidence. The only other point urged by the appellants is that of the insufficiency of the evidence to sustain the findings of the court as to the nonexistence of any agreement affecting the south half of the section of land in question; and also as to the fact of a full accounting and settlement having been had between the parties as to the north half thereof. But as to both of these matters the evidence was in substantial conflict, and for that reason the findings of the court thereon will not be disturbed upon appeal.

Judgment affirmed.

Shaw, J., and Sloss, J., concurred.