[Sac. No. 3730. In Bank.—August 16, 1926.]

STEWART McNAB, Respondent, v. W. L. B. MILLS et al.,
Appellants.

[1] PARTNERSHIP — ACCOUNTING — SUFFICIENCY OF EVIDENCE.—In this
action for the dissolution of a partnership and for an accounting
it is held that the evidence was sufficient to support the findings
of the trial court that a partnership was formed and existed
between the parties and that plaintiff was entitled to an account-
ing of the transactions and dealings of the partnership and a sale
of the property for the payment of the debts and for a division
of the surplus, if any, between the partners.

(1) 30 Cyc., p. 413, n. 15.

APPEAL from a judgment of the Superior Court of
El Dorado County. J. B. Landis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Abe Darlington, Henry S. Lyon and O. G. Hopkins for
Appellants.

Thomas Maul for Respondent.

WASTE, C. J.—Plaintiff brought this action for the dis-
solution of a partnership alleged to exist between himself
and the defendant W. L. B. Mills, for an accounting of their
transactions and dealings, and asking that the property of
the alleged partnership be sold to pay the debts, first, of
the partnership; second, of the partnership to the plaintiff,
and that the surplus, if any, be equally divided between
plaintiff and defendant W. L. B. Mills. The defendants an-
swered, denying specifically the allegations of the complaint
with the single admission that plaintiff and defendant
W. L. B. Mills owned the property described in the com-
plaint, but alleging that they owned it in common, and that
no part of it was partnership property. They denied that
a partnership ever existed. On the issues thus joined trial
was had, judgment was entered for the plaintiff, and the
defendants have appealed.

The trial court found that the appellant W. L. B. Mills and his brother, P. L. B. Mills, purchased a ranch in El Dorado County, title to which was conveyed to them. The purchase price was advanced by respondent, as evidence of which he received a promissory note secured by a mortgage of the property, which he did not record. The ranch was thereafter operated by the brothers until June, 1922, when P. L. B. Mills conveyed to respondent McNab his undivided half interest therein and in the personal property used in its operation. The consideration for the purchase by Mc-Nab was a cash payment and cancellation of the note and mortgage as to P. L. B. Mills, but it was not the intention of the parties to this transaction that appellant W. L. B. Mills should be in any manner relieved of his portion of the indebtedness to McNab. The court further found that upon the consummation of this transaction respondent McNab and appellant W. L. B. Mills entered into an agreement by which they formed a partnership known as the ''M & M Ranch,'' the terms of the agreement being that the partnership assumed the indebtedness of appellant and his brother to McNab and that the M & M Ranch was to become the capital of the partnership and was to become partnership property; that after the formation of the partnership respondent was to advance such sums of money as the partners deemed necessary for the development of the ranch, the purpose of the partnership being to carry on the business of conducting, operating and developing the ranch as ranches were ordinarily operated in the vicinity; that it was further agreed that before any profits or assets of the partnership should be divided between the partners, respondent McNab was first to be repaid for all sums advanced by him, together with the original indebtedness of the partnership to him; that after the payment of this indebtedness to respondent the profits of the business were to be divided between respondent and appellant W. L. B. Mills, share and share alike; that respondent and said appellant would assume the joint management of the ranch. The court further found that the partnership was formed in accordance with the terms of the agreement and the ranch was operated and conducted by the partners as partnership property and was the property of the partners; that the indebtedness of appellant W. L. B. Mills and his brother, P. L. B. Mills, to

respondent McNab, assumed by the partnership at the time it was formed, amounted to $8,433.11, and that in accordance with the terms of the partnership agreement respondent advanced and loaned to the partnership the sum of $21,784.70, which sum the partnership promised and agreed to repay out of its property and assets before there should be any division of profits, properties or assets. There are other findings, more or less of an evidentiary character, which need not be noted. Further findings are that the relationship between the partners became unfriendly to such an extent that it was no longer possible to carry on the business of the partnership in a profitable manner. The court also found that the defendant Ruby Mills, wife of W. L. B. Mills, had no interest in the property affected by the action; that all of said property is partnership property and is held by the respondent McNab and appellant W. L. B. Mills as trustees for the partnership existing between them.

Appropriate conclusions of law were drawn by the trial court, which thereupon entered its interlocutory judgment dissolving the partnership between the respondent and appellant W. L. B. Mills and ordering an accounting. It further ordered that all of the property of the partnership be sold, and the proceeds, after payment of expenses, be applied, first, to the payment of the creditors of the partnership other than its members; second, to the debts of the partnership owing to the partners, and the remainder, if any, to be equally divided between plaintiff and defendant W. L. B. Mills as members of the partnership. From this judgment the defendants appeal, contending that the evidence does not justify the findings. Their contentions are that no partnership agreement was entered into between McNab and W. L. B. Mills to purchase the land described in the complaint; that no partnership agreement or relation was subsequently entered into between them, and that appellant W. L. B. Mills and respondent were in fact merely tenants in common in a joint enterprise, bearing the relation of debtor and creditor to each other.

[1] The sole question to be considered on the appeal is the sufficiency of the evidence, in which appellants admit there is no substantial conflict, to support the findings of the trial court. The only witnesses were those called by plaintiff in support of the allegations of his complaint,

except that the defendant W. L. B. Mills testified very briefly in his own behalf. While no written agreement expressing the terms and conditions of the partnership alleged to exist between the appellant W. L. B. Mills and the respondent was entered into, we are satisfied from a careful reading of the evidence that the actions, transactions, conduct and understanding of the parties amply support the finding of the trial court that they entered into a partnership, which continued to exist. Appellants admit the indebtedness of W. L. B. Mills to the respondent for one-half of the purchase price of the real property, and that respondent advanced the additional sums necessary to carry on the ranch. In the language of the trial court: "The complaint sufficiently alleges and the facts sufficiently support and develop that there was a joint venture sufficient to entitle the plaintiff to an accounting. The evidence produced, coupled with such inferences as may properly be drawn therefrom, justifies the assumption that the intention of the parties was to operate as a copartnership, and that from a very careful consideration of their actions no other conclusion can be reached; and even though the ranch property in question may have originally come to the parties in the character of tenants in common, this character was destroyed by the parties having farmed and operated it upon joint account and as partnership property and by their acts thereby made it partnership assets."

For the reason that we have reached the conclusion that the judgment must be affirmed on the merits, it becomes unnecessary to consider the motion to dismiss the appeal and the motion to affirm the judgment, which were made and submitted when the case was called for oral argument.

The judgment is affirmed.

Seawell, J., Shenk, J., Curtis, J., Richards, J., and Lennon, J., concurred.