[Civ. No. 4032. Third Appellate District.—March 17, 1930.]

TITLE INSURANCE AND TRUST COMPANY (a Corporation), Appellant, v. WALLIS D. McPHERSON et al., Respondents.

Frank Bryant for Appellant.

Law & Overholt and R. E. Hobbs for Respondents.

FINCH, P. J.—The plaintiff brought this action to quiet its alleged title to real estate in the possession of the defendants. Wallis D. McPherson and Venita Reche McPherson, his wife. The court found that plaintiff "paid no consideration of any kind or character for any of said prop-

erty''; that such property ''belonged to and was owned by the defendants . . . and one O. F. Brant, now deceased, and that said Wallis D. McPherson and said O. F. Brant were copartners and owned all of said real property jointly, and that said property was deeded to said plaintiff as trustee and as trustee only for the use and benefit of said copartnership'' and that the plaintiff ''holds only the naked legal title thereto in trust for the use and benefit of the defendants . . . and the estate and heirs of said O. F. Brant, deceased.'' Judgment was entered in accordance with the findings and the plaintiff has appealed.

■ The uncontradicted evidence supports the findings. The plaintiff made no effort to meet the case proved by the defendants, except by the introduction of deeds conveying the lands in question to it. The partnership agreement referred to in the findings was at first oral and later it was reduced to writing. The written agreement purports to be an agreement between D. O. Brant, a son of O. F. Brant, and the defendants and to be signed by D. O. Brant. The testimony shows, however, that O. F. Brant was the real contracting party. It is wholly immaterial in this case whether the agreement was with the father or the son. Neither the son nor the father's executor nor his heirs are parties to this action, and obviously the judgment is not binding upon them. It is sufficient in this action for the defendants to show that they have an interest in the partnership property and that the plaintiff holds only the naked legal title thereto in trust for the partnership, or for those interested in the property thereof. The respective rights therein of the defendants and D. O. Brant or the heirs of O. F. Brant can only be determined in an appropriate action to which they are parties. The complaint was filed March 5, 1926. O. F. Brant died in March, 1922. It is alleged in the answer and found by the court that the ''plaintiff herein was the duly qualified and acting executor of the estate of said O. F. Brant, deceased.'' One of the officers of the plaintiff testified that it ''was executor of the will and estate of O. F. Brant, deceased.'' The same officer further testified: ''I have been informed it (estate) was closed.'' This testimony was stricken out. ■ Disregarding the testimony so stricken out, the only reasonable inference from the pleadings, proof and findings is that the

plaintiff had ceased to be executor of the will of O. F. Brant, deceased, at the time the action was commenced. Whether this be true or not, the plaintiff was not named as a party to the action as such executor, but only in its individual capacity and, therefore, the judgment herein is not an adjudication of the rights or interests of the estate or of the heirs of O. F. Brant in the property.

■ Appellant argues the case upon the erroneous theory that the court admitted parol evidence to modify the terms of the written instruments by which title was conveyed to the plaintiff. The parol evidence was admitted to prove a partnership. A partnership in lands may be formed by a parol agreement. (*Perelli-Minetti* v. *Lawson*, 205 Cal. 642 [272 Pac. 573].)

The other points made by appellant are manifestly without merit.

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.