EDMONDS, J.
 

 The controversy presented by this appeal concerns only the right of the estate of Rene Grivel to
 
 *455
 
 the proceeds of the sale of certain cotton which, it is claimed, came into the possession of its administrator and was sold by him without accounting to the estate therefor. Sustaining objections made to the account of the administrator, the probate court made an order charging him and his sureties with the sum of $17,500 and interest. The appellant, who is the administrator of the estate of the deceased administrator, contends as ground for reversal that the findings of fact are not supported by the evidence and that these, in turn, do not support the order.
 

 For about ten years and until his death in 1928, C. T. Wardlaw was the administrator with the will annexed of the estate of Rene Grivel by appointment from the Superior Court of Imperial County. After his death an amended and supplemental account of the estate was presented by John R. Wardlaw, as administrator of the estate of C. T. Wardlaw. This account was settled and allowed as to all items, except the cotton now in dispute, by an order which was affirmed upon appeal.
 
 (In re Estate of Grivel,
 
 128 Cal. App. 186 [17 Pac. (2d) 172].) Upon a further hearing of the account for the purpose of determining the issues concerning ownership of the cotton and the proceeds of its sale, the court upheld the objections of the successor administrator who claims that C. T. Wardlaw as administrator received 271 bales of cotton belonging to the estate of Rene Grivel and made no account therefor.
 

 The findings of the court are that C. T. Wardlaw, while acting as administrator of the estate of Rene Grivel, came into possession of 271 bales of cotton which were the property of Rene Grivel and Henry De Nancy, a partnership; that Mr. De Nancy as the surviving partner of the deceased agreed with the administrator that he would deliver to him every alternate bale of cotton harvested from the partnership lease subsequent to the death of Grivel “as full payment of land rentals owing the Long Ranch and/or their lessees or landlord, and also that out of said cotton said . . . administrator would satisfy in full the note of $17,500 owing the Globe Oil Mills Company, a corporation”; that the administrator procured 20 bales of cotton belonging to the partnership from the Globe Oil Mills Company, a corporation, “upon the assurance . . . that he would pay the partnership note of $17,500 from the proceeds of the sale of the partnership cotton”; that none of the proceeds of
 
 *456
 
 the sale of the cotton, which amounted to $39,906, was applied to the pa3ment of the $17,500 note or the land rentals, but was paid by one O. G. Hopkins, whom Mr. De Nancy “dealt with” as the agent of the administrator, to other persons and for other purposes with the knowledge and consent of the administrator and in violation of his agreement with the surviving partner. The conclusion of law from these facts is that the deceased administrator and his sureties are chargeable with $17,500 and interest.
 

 The trial court found that C. T. Wardlaw received the cotton as administrator and pursuant to an agreement to pay land rental and a note which were debts of the partnership, but it also found that the cotton was the property of the partnership. As partnership property it was not a part of the estate of the deceased partner (sec. 2419, Civ. Code;
 
 Perelli-Minetti
 
 v.
 
 Lawson,
 
 205 Cal. 642 [272 Pac. 573]), and could have been recovered by the surviving partner.
 
 (Wrightson
 
 v.
 
 Dougherty,
 
 5 Cal. (2d) 257 [54 Pac. (2d) 13];
 
 Fong Sing
 
 v.
 
 O'Dell,
 
 50 Cal. App. 55 [194 Pac. 745];
 
 Swanson
 
 v.
 
 Siem,
 
 124 Cal. App. 519 [12 Pac. (2d) 1053].) The court did not find that Mr. Wardlaw misappropriated the proceeds of the cotton. It found only that they were used by Mr. Hopkins, with Mr. Wardlaw’s consent, for purposes other than the payment of the two specified partnership debts. This is not a finding of fact which would charge the deceased administrator with the sum of $17,500 or any other amount.
 

 The order is reversed, and inasmuch as it appears that no substantial showing could be made on a retrial that the cotton did not belong to the partnership, the trial court is directed to settle and allow the account as presented by the administrator of the estate of C. T. Wardlaw, deceased.
 

 Shenk, J., Nourse, J.,
 
 pro tem.,
 
 Waste, C. J., and Lang-don, J., concurred.