[Civ. No. 14002. Second Dist., Div. Three. Jan. 4, 1944.]

DORA C. PARMELEE, an Incompetent, etc., Respondent,
v. MAURICE W. BRAINARD, Appellant.

A. Maxson Smith for Appellant.

Lester E. Hardy for Respondent.

DESMOND, P. J.—This is an appeal by defendant from a judgment rendered in a suit for partition in which the court decreed that Dora C. Parmelee and Maurice W. Brainard are tenants in common of two parcels of real estate in Hollywood and appointed a referee to sell the property at public auction, the proceeds after payment of the referee's fees and expenses to be distributed to the parties "in the proportion their respective interests, as herein set forth, bear to the money received from the sale." The "interests, as herein set forth"

are fixed at the sum of $3,115.19 for Dora C. Parmelee and $3,193.75 for Maurice W. Brainard.

As one ground for his appeal, the appellant contends that the "conclusions of law and said judgment, as to both and each, are not supported by, do not follow, are not based upon and can not be deduced from said findings of fact made in said cause," calling attention to the fact that although the court found the net cash contribution to the project was $2,265.19 on the part of Mrs. Parmelee and $4,578.25 on the part of Mr. Brainard, including an allowance in his favor of $194.50 for time spent in the care and maintenance of the properties, the conclusion was reached that the interest of Mrs. Parmelee in the properties was $3,115.19 and the interest of Mr. Brainard was $3,193.75. The judgment fixed the same amounts as representing the interests of the respective parties and ordered distribution, after payment of expenses of the sale that was contemplated, in the proportions that $3,115.19 and $3,193.75 "bear to the money received from the sale of said property." One might suppose that the court intended that each party should share in the proceeds of sales in the proportion which his contribution bore to the amount of the combined contributions, but the conflicting findings as to the amount so contributed and the provision just quoted from the judgment leave the matter in obscurity. Counsel for appellant also refers to the statement in the judgment that "all parties have agreed to the appointment of a single referee for the purpose of making a sale in partition," saying that the recital to that effect is not supported by the findings of fact, and that defendant and cross-complainant made no agreement whatsoever concerning the drafting of said judgment or concerning the matter of a referee or referees to sell said property. As to this we find the following comment in respondent's brief: "As to appellant's contention that he objected to the judgment of the trial court regarding the appointment of a single referee, respondent can only state that no attempt was made to sell the property by a single referee, but that as soon as counsel for respondent was advised by counsel for appellant that he had been mistaken in his understanding of the conversation that took place between counsel, no further proceedings were had in the matter."

We believe that appellant's contention that the judgment is not supported by the findings must be sustained on

the facts already stated and that a reversal is in order for the additional reason that the law requires the appointment of three referees unless the parties consent to the appointment of a single referee (sec. 763, Code Civ. Proc.). Other reasons for reversal arise from the failure of the judgment to provide for an accounting from June 30th, 1942, to the time of disposal of the property, and failure to make any provision for payment of encumbrances attaching to the parcels involved, or for a sale subject to them. (See *Wernse* v. *Dorsey* (1935), 2 Cal.2d 513 [41 P.2d 935].) Although encumbrances of $2,106.65 and $1,666.80 against the respective parcels as of June 30, 1942, are noted in the findings, there is no order in the judgment that the single referee therein named by the court pay said encumbrances or any portion of them. Nor can we find in the record any indication that the provisions of sections 761 and 762 of the Code of Civil Procedure, relating to lien-holders, were complied with or waived. We note also that neither the findings nor judgment makes any reference whatever to the claim of the defendant, set up in his answer and also in the form of a cross-complaint, that a partnership existed in regard to the property. ▮ The fact that individuals take title to land as tenants in common does not necessarily preclude the existence of a partnership between them as to that property. (*McNab* v. *Mills* (1926), 199 Cal. 231 [248 P. 657], cited in *Perelli-Minetti* v. *Lawson* (1928), 205 Cal. 642 [272 P. 573].) The plaintiff, as cross-defendant, denied the existence of the partnership and upon the issue joined by the parties we believe the court should make a specific finding and effectively dispose of it by its judgment.

Judgment reversed.

Shinn, J., and Bishop, J. pro tem., concurred.