[L. A. No. 21206.   In Bank.   Feb. 2, 1951.]

ERIK H. LARSON et al., Appellants, v. JOHN F. THORESEN et al., Respondents.

Robert Wanamaker and Jacob Chaitkin for Appellants.

Lee J. Myers and Harold B. Cooper for Respondents.

SHENK, J.—This is an appeal by the plaintiffs from an order directing the parties to make repairs to and to effect the sale of certain real property and for distribution of the proceeds.

Erik H. Larson and John F. Thoresen (referred to herein as plaintiff and defendant respectively) entered into a written agreement to purchase a building lot in El Monte, construct thereon a residence and garage, contribute equally to the cost, sell the property and share equally any profit realized. The agreement also contemplated the contribution by each of personal labor and payment therefor at designated rates. The lot was purchased and title taken by the parties as tenants in common. On completion of the structures in October, 1947, the defendant and his family moved into the house and have since continued to occupy the premises. The property remained unsold.

On April 23, 1948, the plaintiff commenced the action for partition or sale of the property. Several alleged lien claimants were joined as defendants. In a first cause of action a partition of the property by a sale and equitable division of the proceeds after payment of amounts owing to lien claimants was requested. A second cause of action was based on allegations of the defendant's breach of contract by occupancy of

the property without the plaintiff's consent and by delay and hindrance of the sale whereby the value was alleged to have declined to the extent of $2,500. The plaintiff sought one-half of that sum as his share of the loss. An accounting of rents and profits based on the alleged reasonable rental value of $150 per month and judgment for one-half thereof was sought by a third cause of action. A fourth cause of action was for damages for alleged waste committed to the extent of $1,500 and judgment was asked for one-half that sum. In a fifth cause of action the plaintiff sought a declaration of the rights of the parties.

The defendant by answer placed in issue the allegations of all causes of action and alleged affirmatively that the delay in the sale of the property was caused entirely by the plaintiff. He also filed a cross-complaint seeking $3,000 damages based on the plaintiff's alleged breach of contract by failure to pay his share of the construction costs, to place the property on the market, and to agree to the price or terms for the sale.

After a three-day trial without a jury the court filed a document styled "Opinion and Order." No findings of fact and conclusions of law as such were filed. The opinion was an informal statement of some allegations of fact in the pleadings and of evidence relating to efforts to sell the property, occupancy by the defendant, the plaintiff's delay in bringing the action until six months after his declared joint right to possession accrued, damage to the interior and exterior of the house, letters exchanged by the parties regarding offers and occupancy, and value depreciation. The court's conclusions were that the principal delay was caused by the plaintiff and that the property could not be partitioned without sale. The purported "Order" is that "the parties proceed vigorously at once" to sell the property at private sale for the best price obtainable but not for less than $9,500, subject to confirmation by the court. The order includes allowances from the proceeds to the plaintiff to meet excess of his cash advances, labor contributed and taxes paid, and an amount to the defendant for services plus $1,000 depreciation caused by the plaintiff's delays. Allowances were also made for expenses, commission on the sale, and counsel fees, the remaining proceeds to be equally divided between them. The court declined allowances for rent, declaring the parties' cotenancy rights of possession equal; that in lieu of rent the defendant was directed to make certain repairs to the floor covering and to paint the inside trim. The court instructed

that "if the parties conclude to paint the exterior to aid a sale, the cost" should be deducted from the proceeds of sale before division.

The plaintiff contends that the court has failed to comprehend the joint-venture nature of the agreement; that the "Opinion and Order" is ineffectual as findings of fact and conclusions of law; that the court failed to follow the provisions of the Code of Civil Procedure (§§ 752-801.15) which govern partition (Code Civ. Proc., § 801.13) but purported to direct specific performance of the agreement. To meet these contentions in part the defendant has filed in this court a draft of proposed findings of fact. He requests this court to adopt those findings as a basis for affirmance pursuant to section 956a of the Code of Civil Procedure.

█ Where the evidence clearly shows the parties' intention to engage in a joint enterprise for profit it has been held that the principles governing joint venture apply irrespective of how title to the property is taken. (*McNab* v. *Mills,* 199 Cal. 231 [248 P. 657] ; *Bastjan* v. *Bastjan,* 215 Cal. 662 [12 P.2d 627] ; *Swarthout* v. *Gentry,* 62 Cal.App.2d 68 [144 P.2d 38].) █ Each coadventurer or partner is a trustee for the other and neither may reap a personal pecuniary advantage from the use of the partnership property. (*Perelli-Minetti* v. *Lawson,* 205 Cal. 642, 647 [272 P. 573] ; *Nelson* v. *Abraham,* 29 Cal.2d 745, 751 [177 P.2d 931].)

█ The agreement of the parties is indisputable evidence of a joint venture or enterprise. It contains no provision that either might occupy the premises or that occupancy by either was a matter of right. The defendant attempted to show that occupancy was necessary to guard the property; but the court made no finding on that issue. The court should have made findings and resolved the issues by the application of the governing principles in cases of joint venture.

█ The action for partition was proper since all of the equitable adjustments and claims of damage as between the partners as well as claims of lienholders could be disposed of by the application of the code provisions governing partition. (*Perelli-Minetti* v. *Lawson, supra,* 205 Cal. 642; *Swarthout* v. *Gentry, supra,* 62 Cal.App.2d at p. 84; *Parmelee* v. *Brainard,* 62 Cal.App.2d 182 [144 P.2d 381].) By the conclusion that partition except through sale was not feasible, the court recognized the theory of the action as partition but proceeded to make an order which had the effect of granting specific performance of the agreement. █ The support for

the finding that partition could be effected only through a sale is unquestioned. But it does not follow that the parties could accomplish partition by specific performance of their agreement. The record shows the contrary, and necessitated partition through judicial action.

■ Since the action was essentially for partition according to the equities under the agreement, the procedural aspects were governed by section 752 et seq. of the Code of Civil Procedure. The purported Opinion and Order contained no finding as to lienholders, provided no terms of credit on the sale, and included no provision for referees or a referee to conduct the sale and perform necessary preparatory acts. In addition to a failure to recognize the principles applicable to the parties' relationship, the court failed to dispose of all of the matters involved in the application of the governing code provisions. (*Cf. Parmelee v. Brainard, supra.*)

■ It is obvious from the foregoing that the record does not present a proper case for this court to "make findings of fact contrary to, or in addition to, those made by the trial court" to the end that the cause may be finally disposed of "without further proceedings in the trial court" as provided by section 956a of the Code of Civil Procedure. ■ Since that section was first construed and applied in *Tupman* v. *Haberkern*, 208 Cal. 256 [280 P. 970], the function of the trial court as the normal and primary finder of the facts has been uniformly recognized. It was never intended that the appellate court should perform those functions in the first instance.

■ Because of the failure to make required findings of fact and conclusions of law upon which an order or judgment could be based as contemplated by the statute, the appeal should be dismissed. Upon the dismissal the cause will be pending in the trial court as upon the close of the trial.

The application to have this court make findings of fact is denied. The appeal is dismissed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.