314 P.2d 95]

[Civ. No. 22380.   Second Dist., Div. Two.   July 30, 1957.]

EDWARD AHR, Respondent, v. BERNICE AHR,
Appellant.

Philip M. Gilbert for Appellant.

Enright & Elliott and Norman Elliott for Respondent.

MOORE, P. J.—The parties hereto were divorced by interlocutory decree March 19, 1955. The complaint for partition of real property was filed January, 1956, by Edward Ahr and an interlocutory judgment of partition was entered August 17, 1956. Prior to the divorce, the parties occupied the premises and pending the divorce trial the property was conveyed to the parties by Marie G. Nimmo, record owner of the property. It is a part of Lots 29 and 30, Block 8, Tract 4515, and also easement over Lot 29.

Respondent contends that ever since the separation, March 1954, appellant had sole and exclusive possession of the realty and has refused to render an accounting to respondent of her collections of rents earned by the real and personal property; that they do not agree upon the proper management and appellant refuses to discuss the matter; that prior to the filing of this action, appellant was disposing of the property to respondent's damage.

After trial, the court found that the conveyance to the parties by Marie G. Nimmo was made pursuant to the stipulation of the parties in open court March 11, 1955, and was incorporated into the interlocutory and final decrees of divorce. As a result, Edward and Bernice became tenants in common of the premises, furniture and furnishings, each owning an undivided one-half interest.

The court found also that despite the decree of divorce, appellant has denied plaintiff's title to one-half interest; that respondent was ousted from his mutual right of possession to said premises March 19, 1956; that its reasonable rental value has been $75 per month; that the parties are unable to agree upon the proper management or disposition of the property and that it cannot be physically partitioned without inequity.

From such findings the court concluded that respondent is entitled to an interlocutory judgment for partition and for counsel fees and damages.

On appeal, Mrs. Ahr contends that the giving of the deed by Mrs. Nimmo with the lifetime right of possession to the property was the consideration for the waiver of alimony by Mrs. Ahr; that Mrs. Nimmo was married; that her husband failed to execute a deed; that Mr. Nimmo had some sort of interest in the property; that her attempt to explore this was precluded; that the failure of the court to allow evidence as to title or to possible liens was in derogation of section 753, Code of Civil Procedure, which provides that the interest of all persons in the property must be set forth in the complaint; that even if the original interest of Mr. Nimmo was not set forth in the complaint, appellant should have been afforded the opportunity of presenting the evidence to establish the direct ownership.

Such contentions border on the frivolous. The objections made to the trial court were sound and properly sustained its conclusion. (Const., art. VI, § 4½; *Tupman* v. *Haberkern,* 208 Cal. 256, 263 [280 P. 970].)

Appellant asserts that it is settled law that the right to have partition is not absolute and it may be waived by contract. (*De Harlan* v. *Harlan,* 74 Cal.App.2d 555, 560 [168 P.2d 985].) We find no such contract in the record. She insists that she gave up a very substantial right when she waived her alimony and did so only on the basis of her *agreement with respondent* that she would have the right to occupy the property rent free for her lifetime. She contends that although the entire contract was not stated to the court at the time of the interlocutory, that fact does not preclude the existence of the contract as set forth in the original decree; that she should not be estopped from introducing evidence as ruled by the trial judge; that if evidence of this contract had been admitted and accepted by the court, the entire action would necessarily fall. But upon the trial of the divorce action, appellant's claim of an oral contract between the parties prior to the interlocutory was rejected by the trial court. She appealed from that decree and her appeal was dismissed.

Appellant contends that no competent evidence was introduced as to the rental value of the premises. This is answered by the fact that both parties testified as to the rental value and the court made its finding as to such value.

Appellant contends that the court's failure to appoint three referees renders the judgment void, citing section 763, Code of Civil Procedure, and *Parmelee* v. *Brainard,* 62 Cal. App.2d 182-184 [144 P.2d 381]. The court found "it is to the

best interests of the parties that a referee be appointed." Section 763 provides that the court may with the consent of the parties appoint one referee instead of three and he may perform all the duties required of three referees. The Parmelee case was reversed for the reasons that (1) "the judgment is not supported by the findings"; (2) the judgment failed to provide for an accounting; and (3) failed to provide for the payment of encumbrances. The court points out that "a reversal is in order for the additional reason that the law requires the appointment of three referees unless the parties consent to the appointment of a single referee." Inasmuch as the parties herein made no objection to the appointment of one referee, the Parmelee decision is not pertinent. In *Hughes* v. *Devlin* (1863), 23 Cal. 501, one referee was appointed to effect the sale of property owned as tenants in common. On appeal it was contended that the court below should have appointed three referees instead of one. The court held that the provision of the Practice Act requiring the appointment of three referees does not apply where a sale is ordered. In the case at bar one referee was ordered to sell the property. Moreover, it has long been the practice in the Los Angeles County Superior Court when a decree orders a sale, only one referee is customarily required. (See the Manual of Procedure for the Writs and Receivers Department of the Superior Court of Los Angeles County, 1954 ed. p. 25.)

Appellant does not allege or show any prejudice or injury as a result of the appointment of but one referee even if that procedure be deemed erroneous. Inasmuch as this appeal stayed the order of sale and appellant had ample opportunity seasonably to object to the questioned appointment and failed to do so, her objection to such appointment will not be heard now in the reviewing court for the first time. Her failure to raise the point below estops her from urging it now. (*Nanny* v. *Ruby Lighting Corp.*, 108 Cal.App.2d 856, 859 [239 P.2d 885].)

Appellant contends that because the court made no computation of credits to be allowed the bidder at the partition sale, the judgment is void. On the contrary, the court allowed specific credits and prescribed a formula for ascertaining them and nothing was left to be done except to compute the credits by mathematical calculation. (See *Wilson* v. *Mattei*, 84 Cal. App. 567, 574 [258 P. 453].) The matter was comparatively simple. Each party was entitled to one-half interest in any sum received, but to be reduced in the case of appellant by

half the amount of her collections of rentals or of any other sums she may have collected as income from the property for the use of the tenants in common.

The judgment is affirmed.

Fox, J., and Ashburn, J., concurred.