[Civ. No. 21454.   First Dist., Div. Three.   Oct. 20, 1964.]

MARGHERITA TINA ROMAGNOLO, Plaintiff and Respondent, v. VERA ROMAGNOLO, Defendant and Appellant.

Walker, Schroeder & Davis and G. Gervaise Davis III for Defendant and Appellant.

Harold J. Romig, Jr., and Kennedy, Dewar, Dormody, Romig & Curtis for Plaintiff and Respondent.

DEVINE, J.—The problem in this case is whether a judgment deciding that certain real property held in the form of joint tenancy was converted to partnership property, can be supported by the evidence and by the law. Appellant, Vera Romagnolo, claims the entire property as the last living person of a trio of joint tenants. Margherita Romagnolo, respondent, claims one-half of the property as legatee under the will of Giovanni Battista Romagnolo, known as Bob Romagnolo, and claims that Bob Romagnolo's one-half interest resulted from the formation of a partnership between him and appellant's now deceased husband, Frank Romagnolo.

### Facts

Bob Romagnolo owned three connected lots in the City of Monterey. On one of these lots there was the Monterey Laundry, which originally was owned and managed by Bob. The other two lots contain residences. In 1945, Bob, who had been sickly, decided to invite his cousin, Frank, and his wife, Vera, who had lived in Berkeley, to come to Monterey. They did so, and Frank and Bob became partners in the laundry. Frank and his wife, Vera, paid off the mortgage on the real property. Four days following the reconveyance obtained by Frank and Vera's payment, Bob executed a joint tenancy deed to himself, Frank and Vera. The grantees were described as "GIOVANNI BATTISTA ROMAGNOLO, a single man, *and* FRANK ROMAGNOLO AND VERA ROMAGNOLO, his wife, the second parties, in joint tenancy." (The emphasis of the word "and" before the name Frank Romagnolo has been supplied; the significance is explained below.) The deed was recorded promptly.

In about 1949, Margherita Romagnolo, Bob's sister who had lived in Italy, came to live with her brother, at his request. Bob and his sister lived in one of the residences, and Frank Romagnolo and his wife, Vera, lived in the other. The partnership between Frank and Bob continued until Bob's death in 1958.

The essence of Bob's will was: "I give, devise and bequeath all property that I may own or in which I may have an interest at my death . . . to my sister MARGHERITA TINA ROMAGNOLO." There was listed in the inventory by Margherita, who was executrix, a one-half interest in the real property, and the decree of distribution, dated April 10, 1959, distributed or purported to distribute this one-half interest to Margherita.

There is considerable evidence, despite the brevity of the

whole record, that Frank believed that Margherita was owner of the one-half interest. Frank said that this was so, in a conversation with Margherita's lawyer. There were negotiations, and letters were exchanged, between Frank's and Margherita's attorneys about Frank's buying Margherita's interest in the real property. Frank took no step towards establishing the fact of Bob's death. During the period of negotiation following Bob's death, the lawyers did not gain an understanding of the true nature of the record title. Margherita's attorney, who represented her personally and as executrix of Bob's will, did not see the deed. He inquired who owned the real property, and Frank said half was owned by him and his wife and half by the deceased. Nothing was said about joint tenancy. Frank's lawyer did not see the deed, but was informed by Margherita's lawyer that there was a tenancy in common.

The inventory and appraisement in Bob's estate shows that the real property and the partnership interest were considered as quite separate items. The real property is described as a one-half interest in the described lands and appraised at $5,500 in item 5 of the inventory. One-half interest of the partnership between Bob and Frank is appraised at $1,421.24 as item 12.

Frank wished to continue the laundry business and after some arranging by the attorneys, a partnership agreement between Frank and Margherita was drawn. It recites that Bob left one-half of his properties to Margherita; that each party to the agreement contributes as his share of capital all of the equipment, fixtures, supplies and cash on hand; it does not mention real property. The actual use remained much as before: one lot was used by the laundry, one as residence for Frank and Vera, and one as residence for Margherita. Margherita was to receive $100 a month, in lieu of division of profits.

No one member of the family demanded rent of another member during the lifetimes of Bob and Frank. It was stipulated that personal expenses of members of the family were paid from partnership funds. It was not disputed that the members of the family had no other funds from which to pay their personal expenses.

On February 29, 1960, Frank died. Shortly thereafter, Margherita brought the present action, seeking to quiet title, and alleging that the two partnerships were the owners, successively, of the property, that Vera at all times knew that

her husband and Bob were dealing with the property as a partnership asset, and that at no time did she make demand for rent.

A second cause of action is stated on the proposition that by insertion of the word "and" immediately before Frank's name as grantee in the deed, the grantor showed an intention that the parties take as tenants in common, not as joint tenants, in spite of the words "in joint tenancy." The court came to no conclusion on this second theory. (Respondent gives a few pages of her brief to supporting this theory, a theory which the court neither accepted nor rejected.)

Vera answered and cross-complained for rent from Margherita, but she has waived her demand for rent and seeks quieting of title and possession of the property. Between the date of Frank's death and the filing of the action by Margherita, Vera had obtained a decree of the superior court establishing the death of Frank. Vera claims title to all of the real property under this decree.

### Findings and Conclusions of Law

Virtually all of the facts recited above were established without dispute, and were found by the court to be true. The crucial finding of the court is "that the real property was an asset of the partnership in that between August 8, 1945 and August 7, 1958 Bob Romagnolo and Frank Romagnolo used partnership funds to improve and repair the property, to pay city and county taxes and assessments thereon, to insure the same against the risk of fire, by using said premises, including said dwellings located on said property in the partnership business, by sharing equally in the profits derived from the use of said premises; that approximately two weeks after the death of Bob Romagnolo, Frank Romagnolo offered to purchase the interest of the plaintiff to the real property for the sum of $5,500.00; that Frank Romagnolo and his attorney were aware of the proposed distribution to the plaintiff in the probate of the estate of Bob Romagnolo; that no objections were made to the proposed distribution by Frank Romagnolo or his attorney."

Appellant requested special findings as to (1) how and when the real property held in joint tenancy by the three parties became property of the partnership, and (2) whether the decree of distribution distributed the real property to plaintiff (respondent) as an asset of the partnership. The court, in response to the request, found "that no exact time or place can be used in answer to this request, but rather the

manner in which the partners treated the real property over the years indicates an intent by the partners to consider the real property as an asset of the partnership.'' As to the second request, the court found that the decree of distribution ''distributed a one-half interest to the real property at issue to the plaintiff as an asset of the partnership.'' The court concluded that plaintiff Margherita ''is now, and at all times since April 10, 1959, has been the owner of an undivided one-half interest in . . . [the] real property.'' It is to be observed that the court found Margherita's rights to have derived from the first partnership, the partnership between Bob and Frank Romagnolo, and not from the second partnership, the one between Margherita and Frank.

Upon plaintiff's allegation that Vera at all times knew that Frank and Bob were dealing with the real property as a partnership asset, the court made no finding. The sole finding relating to Vera was that she made no demand for rent or other consideration upon Margherita until June 1, 1960.

It is to be observed that the court found the source of plaintiff's title to be the decree of distribution, and that the court found that this decree had distributed a one-half interest in the real property to plaintiff as an asset of the partnership. Thus, respondent must rely upon the propositions that (1) the probate court had jurisdiction to distribute an asset of the partnership as such, and (2) the real property actually did become an asset of the partnership between Bob and Frank.

*Jurisdiction of the Probate Court Over Partnership Assets*

The first attack upon the judgment appealed from by appellant is that the decree of distribution, insofar as it purports to distribute one-half of the real property to Margherita, is ineffective. At this point, we may assume, *arguendo*: (1) that the evidence is sufficient to sustain a finding that the partners Bob and Frank treated the real property as a partnership asset; (2) that such agreement covered not only the lot on which the laundry was situated, but also the dwellings.

█ Of course, a decree of distribution does not determine that the deceased had any title to the property distributed, nor does it bind third persons who claim an interest adverse to that of a testator. It merely determines the succession or testamentary disposition of such title as the decedent may have had. (*Shelton* v. *Vance*, 106 Cal.App.2d 194, 197 [234 P.2d 1012].)

█ Assuming, as we have done for the purpose of con-

sidering the jurisdictional point, that the real property was partnership property, it was not a part of the assets of the deceased partner, Bob Romagnolo. (*Estate of Grivel,* 10 Cal. 2d 454, 456 [74 P.2d 759].) ▪ Upon the death of one partner, the surviving member of the firm has the right to possession of all of the partnership property, with the corresponding duty to settle the affairs of the partnership and to pay over to the executor or administrator of the deceased partner any balance due to the estate. (Prob. Code, § 571; *Wrightson* v. *Dougherty,* 5 Cal.2d 257, 261 [54 P.2d 13]; *Perelli-Minetti* v. *Lawson,* 205 Cal. 642, 651 [272 P. 573].)
▪ It is true that Frank did not assert his right as surviving partner so far as the real estate is concerned, and apparently thought one-half belonged to Margherita. The court found that Frank and his attorney were aware of the proposed distribution to Margherita. We do not believe that anything which Frank did or failed to do conferred jurisdiction on the probate court. The significant omission is that of Vera's interest in the real property. There is no finding, as the record stands, of consent by Vera to conversion of her property into partnership assets; the finding that she did not demand rent is not equivalent to a finding of such consent.

The cases cited by respondent, which sustain the general proposition that property may belong to a partnership although held in the names of the partners (*Bumb* v. *Bennett,* 51 Cal.2d 294 [333 P.2d 23]; *McNab* v. *Mills,* 199 Cal. 231 [248 P. 657]; *Perelli-Minetti* v. *Lawson, supra; Parmelee* v. *Brainard,* 62 Cal.App.2d 182 [144 P.2d 381]; *Pluth* v. *Smith,* 205 Cal.App.2d 818 [23 Cal.Rptr. 550]; *Swarthout* v. *Gentry,* 62 Cal.App.2d 68 [144 P.2d 38]), do not support a determination by a probate court, against a third person claiming title, that property belonged to a partnership. If it was Margherita's position at that time, as it is now after Frank's death, that Bob and Frank owned the real estate as partners and that she had a right to part of the property, she could and should have asserted her claim by appropriate action against Frank as the surviving partner, and against Vera if she claimed against Vera's record interest in the property.

It is our conclusion that because the trial court based its judgment upon the decree of distribution, and because the probate court did not have jurisdiction either to determine title to the property or to administer the assets of the partnership, the decree is ineffective to operate upon the real

property, even assuming the evidence to be sufficient to show that it belonged to the partnership.

We do not doubt the power of the court, on retrial of this cause in equity, either with or without taking additional evidence, to decide whether Bob and Frank converted their own interests in the real property from joint tenancy to partnership property; and if the court finds in the affirmative on the question just mentioned, to decide whether Vera joined in the conversion so as to effect a change of her interest, as well, to partnership property, and finally, to determine the true interests of the parties. The cause should be set at large.

Judgment reversed.

Draper, P. J., and Salsman, J., concurred.