**In re FAIR OAKS, LTD., a Washington Limited Partnership, Debtor.**

**Edmund J. WOOD, Chapter 7 Trustee, Appellant,**

v.

**DELURY, POMARES & COMPANY, Appellee.**

BAP No. WW–93–2070–ROB.
Bankruptcy No. 92–03938.
Adv. No. 92–09511.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on May 19, 1994.

Decided June 21, 1994.

David A. Gebben, Seattle, WA, for appellant.

Suzanne M. Barnett, Seattle, WA, for appellee.

Before RUSSELL, OLLASON and BARR,[1] Bankruptcy Judges.

## OPINION

RUSSELL, Bankruptcy Judge:

This appeal arises from a bankruptcy court's order granting summary judgment in favor of the appellee. The appellee had filed a complaint for a determination as to the validity and priority of a deed of trust. The

---

1. Honorable James N. Barr, Bankruptcy Judge for the Central District of California, sitting by designation.

Chapter 7[2] Trustee filed a cross-complaint asserting that the lien could be avoided under § 548(a). Cross motions for summary judgment were filed. Based on the conclusion that the appellee was a bona fide encumbrancer for value under California law, the bankruptcy court granted summary judgment in favor of appellee.[3] We REVERSE.

## I. FACTS

In 1989, Bay Ridge Properties, Inc. ("Bay Ridge") and LWWC # III, Ltd. ("LWWC") agreed to form a limited partnership for the purpose of purchasing and developing a piece of real property located in Sacramento County, California. This limited partnership would later become known as Fair Oaks, Ltd. ("Fair Oaks"). The certificate of limited partnership for Fair Oaks was filed with the Washington Secretary of State on June 13, 1990. Under the terms of the certificate, Bay Ridge was designated as the general partner of Fair Oaks.

In September 1989, approximately nine months prior to the filing of the certificate, LWWC advanced sums in excess of $1,000,-000 to Bay Ridge as general partner of Fair Oaks. In November, 1989, Bay Ridge used those funds to acquire title to the real property.

Bay Ridge, however, acquired title to the real property in the name of Bay Ridge in its capacity as general partner of Fair Oaks even though Fair Oaks was not yet in existence as a limited partnership. Bay Ridge eventually conveyed its interest in the property to Fair Oaks, by grant deed on June 18, 1991 and recorded the deed on August 7, 1991.

In April 1991, subsequent to the acquisition of the property by Bay Ridge but prior to the recording of the grant deed to Fair Oaks, a promissory note, secured by a deed of trust on the subject property, was executed by the president of Bay Ridge, Melvin Welch ("Welch") to Delury, Pomares & Com-

pany ("Delury"). Delury had provided accounting and litigation support services to Welch, as an individual, and to Hidden Hills Investors, Ltd. ("Hidden Hills"), a separate entity in which Welch held a partnership interest. Neither Bay Ridge nor Fair Oaks received any consideration in exchange for the deed of trust that Welch granted to Delury.

The promissory note Welch signed in favor of Delury was in the amount of $64,275.88. This amount covered $57,275.88 for money owed for past services and $7,000 to cover services to be performed in the future. This note was secured by a deed of trust on the property and was recorded in Sacramento County, California on May 17, 1991.

The Chapter 7 bankruptcy case of Fair Oaks was commenced by the filing of an involuntary petition on May 13, 1992. Upon the entry of an order for relief, Edmund J. Wood was appointed the Chapter 7 Trustee ("Trustee").

Delury filed an adversary proceeding against several parties, including the Trustee, for a determination as to the validity and priority of the deed of trust that Delury had obtained from Welch less than one year prior to the filing of the bankruptcy case. The Trustee submitted an answer to the Delury complaint, as well as a counterclaim. The counterclaim asserted that the Trustee could avoid the Delury lien as a fraudulent transfer under § 548(a).

On July 7, 1993, the bankruptcy court heard argument relating to the cross-motions for summary judgment filed by both the Trustee and Delury. By letter dated July 26, 1993, the bankruptcy court ruled that Delury held the status of a bona fide encumbrancer for value under California law. Summary judgment was entered in favor of Delury on September 10, 1993. The Trustee timely filed a notice of appeal.

---

**2.** Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

**3.** This adversary action was filed in the Western District of Washington but the subject real property is located in California. Applying choice of law principles, the bankruptcy court determined that California law should be applied.

## II.  ISSUES

A.  Whether the bankruptcy court erred in granting summary judgment in favor of Delury based on its conclusion that Delury held the status of a bona fide encumbrancer for value under California law.

B.  Whether the bankruptcy court erred by denying the Trustee's motion for summary judgment by failing to apply § 548(a) to avoid the deed of trust lien held by Delury.

## III.  STANDARD OF REVIEW

■   An order granting summary judgment is reviewed *de novo*.  *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n,* 997 F.2d 581, 584 (9th Cir.1993); *In re Baird,* 114 B.R. 198, 201 (9th Cir. BAP 1990).  The appellate court must determine whether there are any genuine issues of material fact and whether the lower court properly applied the relevant substantive law.  *Hillis Motors,* 997 F.2d at 584.

## IV.  DISCUSSION

### A.  DELURY IS NOT A BONA FIDE EN-CUMBRANCER FOR VALUE.

The Trustee not only argues that Delury is not a bona fide encumbrancer, but maintains that this bona fide status is not a defense to its counterclaim under § 548(a).  Delury asserts that it is a bona fide encumbrancer and therefore, its interest in the property is superior to the rights of the Trustee.  However, Delury has not made it clear how the determination under state law would determine the outcome under § 548(a).  Nevertheless, we will discuss the merits of Delury's argument.

■   Under California law, a bona fide purchaser or encumbrancer for value takes priority over an unrecorded interest.  *See* Cal. Civ.Code § 3048 (West 1991); *Brock v. First South Sav. Ass'n,* 8 Cal.App.4th 661, 668, 10 Cal.Rptr.2d 700, 703 (1992) (an encumbrancer in good faith and for value means a person who has taken a lien and who has parted with something of value).  In support of its finding that Delury was a bona fide encumbrancer for value, the bankruptcy court cited *Schut v. Doyle,* 168 Cal.App.2d 698, 701, 336 P.2d 567, 569 (1959).  *Schut* held that a purchaser who acquired an interest in property to secure a pre-existing debt would not be prevented from having the status of a bona fide purchaser or encumbrancer.  *Id.* at 701–02, 336 P.2d 567.

In the case at hand, however, neither party is contesting the fact that Welch and Hidden Hills were obligated on a pre-existing debt to Delury.  Rather, the Trustee asserts that a bona fide encumbrancer for value must receive its security interest from the party that was obligated on the pre-existing debt.  We agree.

■   The discharge of the debt of another does not constitute fair consideration for a conveyance by one who is not responsible.  *Hansen v. Cramer,* 39 Cal.2d 321, 324, 245 P.2d 1059, 1060 (1952).  The record is clear, neither Bay Ridge nor Fair Oaks were indebted to Delury, pre-existing or otherwise.  Therefore, we hold that a creditor who receives a lien on real property on account of an antecedent debt of a third party does not hold the status of a bona fide encumbrancer for value under California law.[4]

### B.  THE BANKRUPTCY COURT ERRED IN DENYING THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT.

Section 548(a) provides, in relevant part:

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

. . . .

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

---

**4.**  Delury argues that it should prevail in this matter because of its reliance on public title records.  Perhaps, if either Bay Ridge or Fair Oaks had received actual consideration in exchange for the deed of trust then Delury's reliance on title reports might be relevant.  However, this is not the case and therefore, we need not address this situation.

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation. . . .

11 U.S.C. § 548(a).

■ For the Trustee to prevail on its motion for summary judgment under § 548(a), the Trustee must show that there are no material issues of fact in dispute, in that the deed of trust to Delury satisfied the following elements: 1) a transfer of an interest of the debtor; 2) within one year before the filing; 3) for less than reasonably equivalent value; and 4) while the debtor was insolvent. *See* 11 U.S.C. § 548(a).

1. *The deed of trust that Delury received from Bay Ridge qualifies as a transfer of an interest of the debtor in real property.*

■ Under § 548(a), the deed of trust that Delury received is a transfer of an interest of the debtor in real property. Transfer is defined in § 101(54):

'[T]ransfer' means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, or disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity redemption;

Delury received the deed of trust as a security interest. This constitutes a transfer under § 101(54). Therefore, for purposes of § 548(a), the Delury deed of trust qualifies as a transfer of an interest. The question that remains is whether that interest was property of Fair Oaks.

Section 541 defines property of the estate as all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(2). The Trustee asserts that at the time of the purchase of the property, Fair Oaks was the equitable owner of the property and Bay Ridge was merely the record owner. Delury argues, however, that the Trustee has failed to provide clear evidence of this fact.

■ Delury relies on statutes and case law which refer to reliance on record title and title searches. Delury argues that since the property was purchased in Bay Ridge's name and the title search did not reveal Fair Oak's equitable interest, Fair Oaks did not have any interest in the property at the relevant time. Delury also asserts that the Trustee has not shown that the property was acquired with partnership funds and moreover, the partnership did not file its certificate of limited partnership until seven months after Bay Ridge acquired the property.

Delury's arguments, nevertheless, do not dispute that the parties intended to create a limited partnership for the sole purpose of purchasing and developing the subject property. Delury also does not dispute that LWWC gave more than $1,000,000 to Bay Ridge for the purpose of purchasing this property on behalf of Fair Oaks. Rather, Delury insists that the evidence of ownership weighs in favor of Bay Ridge.

Limited partnerships are creatures of state law. According to the California Revised Limited Partnership Act and the Revised Code of Washington, in order to obtain the limitation of liability for limited partners, the general partner(s) must file a certificate of limited partnership. *See* Cal.Corp.Code § 15621(a) (West 1991); Wash.Rev.Code § 25.10.080 (1991). However, formation of a partnership depends only on the "intention of the parties to form a partnership as manifested in their express agreements, statements and conduct." *Minder v. Gurley,* 37 Wash.2d 123, 129, 222 P.2d 185, 188 (1950).

The intent of the parties, in the case at hand, can be construed from a number of events evidenced in the record. First, the certificate of limited partnership for Fair Oaks filed with the Washington Secretary of State specifically states that the express purpose of the partnership is to invest and develop the subject real property. Second, LWWC advanced in excess of $1,000,000 for the sole purpose of purchasing the property.

Therefore, we hold that LWWC and Bay Ridge had formed a general partnership at the time of the purchase, even though the issue of limited liability had not yet been formalized. *See Dwinell's Cent. Neon v. Cosmopolitan Chinook Hotel,* 21 Wash.App. 929,

935, 587 P.2d 191, 195 (1978) (since there was no compliance with the limited partnership act, the court was correct in holding that the entity was liable as a general partnership).

Under both California law and Washington law, there is a presumption that "[u]nless the contrary intention appears, property acquired with partnership funds is partnership property." Cal.Corp.Code § 15008 (West 1991); Wash.Rev.Code § 25.04.080 (1991).

Delury asserts that the property is not partnership property because: 1) the intent is unclear as the title to the real property was acquired in the name of the debtor's general partner, Bay Ridge; and 2) the property was not purchased with partnership funds since the funds of the limited partner LWWC used to acquire that property were not placed in a separate account but were placed with other Bay Ridge accounts during the two months after receiving the funds but before the purchase.

■ The fact that the property was acquired in the name of the general partner, Bay Ridge, does not change the presumption that the property was acquired for the benefit of the partnership. *See In re Wingo,* 89 B.R. 54, 57 (9th Cir. BAP 1988) (applying California law the court held that title to real property of a general partnership may be held in the name of one or more of the partners); *See also* Cal.Corp.Code. § 15010 (West 1991); Wash.Rev.Code § 25.04.100 (1991).[5] Partnership property also does not need to be purchased with partnership funds but rather partnership property is determined by the understanding and intention of the partners. *See Perelli–Minetti v. Lawson,* 205 Cal. 642, 648, 272 P. 573, 576 (1928).

■ In summary, the evidence presented by the Trustee clearly establishes that the property was always intended by the parties to be owned by Fair Oaks. Delury has presented no evidence to contradict this fact. Therefore, we find that the property at the time of purchase, was the property of Fair Oaks.

2. *The transfer of the deed of trust to Delury occurred within one year before the date of the filing of the involuntary Chapter 7 petition.*

The involuntary Chapter 7 petition was filed on May 13, 1992. The Delury deed of trust was recorded in Sacramento County, California less than one year prior to that date, on May 17, 1991. Therefore, it is undisputed that the transfer of the deed of trust to Delury occurred less than one year before the date of filing of the petition.

3. *Fair Oaks received less than a reasonably equivalent value in exchange for the Delury deed of trust.*

■ There was no consideration provided to Fair Oaks in exchange for the deed of trust given to Delury. Delury accepted the promissory note and the deed of trust as an accommodation to Welch and Hidden Hills for the antecedent debt that was owed to Delury by those parties. Since Fair Oaks did not owe any debt to Delury, the transfer clearly provided no benefit to Fair Oaks.

4. *Fair Oaks was insolvent at the time that the Delury deed of trust was recorded.*

■ The question of insolvency is essentially whether the debtor's liabilities exceeded the debtor's assets for the period of time in question. *See* § 101(32)(B).

■ Fair Oaks' sole asset was the subject real property. According to the record, Fair Oaks, through its general partner Bay Ridge, purchased the property for $1,387,400. An appraisal conducted in June, 1992 estimated the value of the property at $1,220,000. The property was sold by the Trustee in March, 1993 for only $400,000.

With respect to Fair Oaks liabilities as of May 17, 1991, the record indicates that Fair Oaks owed LWWC approximately $1,400,000. Therefore, under any of the above evaluations of the value of the property, Fair Oaks'

---

5. Cal.Corp.Code § 15010(4) and Wash.Rev.Code § 25.04.100(4) provide: "Where the title to real property is in the name of one or more or all the partners, or in a third person in trust for the partnership, a conveyance executed by a partner in the partnership name, or in his own name, passes the equitable interest of the partnership...."

liabilities exceeded the value of the debtor's assets.

### V.  CONCLUSION

■ The deed of trust to Delury may be avoided by the Trustee as a fraudulent transfer under § 548(a).  There are no material issues of fact in dispute.  It is undisputed that Fair Oaks' general partner granted a deed of trust on the partnership's property to Delury, but Fair Oaks did not receive any value or benefit from Delury.  Since this transfer occurred while the debtor was insolvent and less than one year before the involuntary Chapter 7 petition, the transfer is avoidable.

Therefore, the bankruptcy court erred in granting summary judgment in favor of Delury because Delury is not a bona fide encumbrancer for value, but rather, the deed of trust is avoidable under § 548(a).  Accordingly, we REVERSE the judgment and REMAND with instructions to the bankruptcy court to enter an order granting the Trustee's motion for summary judgment.