**FORD MOTOR CREDIT COMPANY, Plaintiff–Appellee,**

v.

**HOWLOW, a California Limited Partnership, et. al., Defendant–Appellant.**

Nos. 00–55926, 01–55301.

D.C. No.CV–99–1074 CBM (Ajws).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2001.

Decided Dec. 10, 2001.

of this circuit except as provided by 9th Cir.     R. 36–3.

Before PREGERSON, REINHARDT, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Howlow Limited Partnership appeals various orders arising from a judicial foreclosure action closed by civil minute order. We have jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1291, and affirm the district court's orders.

Because the parties are familiar with the facts, we will not recite them in detail except as necessary.

In case No. 00–55926, Howlow argues that the district court erred by holding that Ford Credit was entitled to the rents collected after Ford Credit filed an action for a preliminary injunction and appoint-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

ment of a receiver. We review this question of law de novo. *Salve Regina College v. Russell,* 499 U.S. 225, 231, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991). We agree with the district court that when Ford Credit filed an action for appointment of a receiver and a preliminary injunction, it took a sufficient "enforcement step" under former California Civil Code § 2938 to entitle it to the rents assigned by the deed of trust. *Cf. MDFC Loan Corp. v. Greenbrier Plaza Partners,* 21 Cal.App.4th 1045, 26 Cal.Rptr.2d 596 (1994) (as modified Feb. 2, 1994) (suggesting that filing a legal action is a "demand" that qualifies as an "enforcement step" under California law); *In re Goco Realty Fund I,* 151 B.R. 241 (Bkrtcy.N.D.Cal.1993) (same).

Howlow also argues that the district court erred in finding that Howlow collected $8,337.00 in rents after the October 15, 1999 filing date. We review the district court's findings of fact for clear error. *Diamond v. City of Taft,* 215 F.3d 1052, 1055 (9th Cir.2000). The court's decision to adopt findings proposed by a party does not alter this standard. *Russian River Watershed Protection Comm. v. Santa Rosa,* 142 F.3d 1136, 1140 (9th Cir.1998). The record supports the district court's implicit finding that the $8,337.00 was collected after October 15, 1999.

■ Howlow argues that the district court abused its discretion when it ordered Howlow to reimburse the receiver for expenses incurred in seeking compliance with the district court's orders. We review a court's imposition of sanctions for an abuse of discretion. *Weissman v. Quail Lodge Inc.,* 179 F.3d 1194, 1197 (9th Cir.1999). A district court abuses its discretion when it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Id.* at 1198. Contrary to Howlow's contention, the district court was not required to make an explicit finding of willfulness as a predi-

cate to its imposition of sanctions on Howlow for its failure to turn over documents as mandated by the preliminary injunction. *See, e.g., Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Perry v. O'Donnell,* 759 F.2d 702, 704 (9th Cir.1985). Furthermore, the record demonstrates that the district court's findings in support of its order were not clearly erroneous.

■ In case No. 01–55301, Howlow contends that the utility deposits were not partnership property and that therefore the district court erred in granting the receiver's motion for turnover of the deposits. Whether property is owned by a partnership is a question of law reviewed de novo. *Salve Regina College,* 499 U.S. at 231. We affirm the district court. The utility deposits were posted by The Howard–Platz Group, Howlow's sole general partner, and were designated exclusively for the benefit of Howlow's property. Additionally, Howlow, by its general partner, The Howard–Platz Group, granted Ford Credit a security interest in "security deposits" under the Deed of Trust. Under California law, these facts demonstrate an intention and understanding between Howlow and its sole general partner that the utility deposits were to be partnership property. *See Perelli–Minetti v. Lawson,* 205 Cal. 642, 648, 272 P. 573 (1928); *Fair Oaks v. Delury, Pomares, & Co.,* 168 B.R. 397, 402 (9th Cir.BAP 1994) (applying California law and holding that partnership property is determined not by tracing partnership funds, but by the understanding and intention of the partners).

■ Howlow next contends that even if Howlow owned the utility deposits, because Ford Credit failed to perfect its interest in them, Ford Credit could not foreclose on them. However, Ford Credit was not required to perfect the security interests to foreclose on them, *see Simon v. Chrysler Credit Corp.,* 206 B.R. 536, 540

(Bkrtcy.C.D.Cal.1997) (applying California law), and the receiver was authorized to demand and receive the deposits under the Order Re Appointment of Receiver.

Finally, Howlow argues that the district court abused its discretion in denying Howlow's motion to compel the receiver to pay the bills owing to Shield Security that Howlow incurred prior to the commencement of the receivership. The district court did not abuse its discretion. *See SEC v. Hardy,* 803 F.2d 1034, 1037 (9th Cir.1986). Because the district court has wide discretionary powers regarding the supervision of a receiver, *see id.,* and the record indicates that the denial was not an abuse of discretion, we affirm the district court.

AFFIRMED.